UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60113-CR-MARRA

UNITED STATES OF AMERICA

vs.

HOWARD FRANK,

    Defendant.
_____/

**FACTUAL PROFFER**

If this case were to proceed to trial, the United States would prove beyond a reasonable doubt:

Defendant HOWARD FRANK (FRANK) along with co-defendants, was involved in the sale and distribution of diabetic test strips. The defendants and their businesses acquired diabetic test strips that were non-retail or "international" (*i.e.*, diabetic test strips intended by manufacturers for distribution only outside of the United States), that were labeled as such, and submitted claims for reimbursement through private and government health benefit plans as retail diabetic test strips, in order to make a substantial profit. FRANK, through his various wholesale businesses, acquired non-retail and international diabetic test strips from wholesalers, distributors, and other sources, and sold them as if they were retail diabetic test strips to various pharmacies located throughout the United States. These pharmacies, some of which were owned by FRANK either in whole or in part, submitted claims for reimbursement through private and government health benefit plans as if these diabetic test strips were retail diabetic test strips, making a substantial profit.

International test strips bore labeling specifically designed for the destined country and were labeled differently than diabetic test strips sold in the United States. Even though they are

chemically identical to test strips distributed within the United States, international diabetic test strips are not reviewed or cleared by the FDA for distribution in the U.S. for a variety of reasons, including differences in the language for instructional inserts and customer support contact information identified on the product.

FRANK, along with co-defendants MOHAMED MOKBEL and PERFECTO HALLON, acquired non-retail and international diabetic test strips through various sources at costs significantly less than their retail value. They also acquired invoices, purchase orders, and shipping records that accompanied the non-retail and international diabetic test strips. The co-defendants and their employees altered invoices, purchase orders, documentation, and shipping records of the non-retail and international diabetic test strips to deceive subsequent customers, auditors, and inspectors of their origin, labeling, and product identification.

Co-defendants and some of their employees made, altered, forged, and counterfeited NDC numbers and bar codes as well as accompanying labeling and documentation to conceal the fact that the products were non-retail and international diabetic test strips. Some of these acts included: (1) removing the original patients' prescription label from dispensed diabetic test strip product boxes utilizing heat guns, hair dryers, or cotton balls, Q-tips, and rags soaked with paint thinner, finger nail polish remover, lighter fluid, or "Goo Gone"; (2) affixing stickers, ordered by co-defendants, that concealed the labeling on the non-retail or international diabetic test strip product boxes that identified them as non-retail or international diabetic test strips; (3) purchasing NDC numbers, bar codes, and "Thank You" stickers from printing companies and using them to also concealed the labeling on the non-retail or international diabetic test strip product boxes that identified them as non-retail or international diabetic test strips; and (4) counterfeiting the labeling

and/or product boxes of retail diabetic test strips to insert non-retail and/or international diabetic test strip containers to purport them to be retail diabetic test strips.

Defendant FRANK submitted claims for reimbursement through private and/or government health benefit plans of non-retail and/or international diabetic test strips at Physician Choice Pharmacy that were covered with "Thank You"; "Physician Choice Pharmacy"; NDC; and bar code stickers, which concealed or altered the labeling of these non-retail or international diabetic test strips. Co-defendants shipped boxes of non-retail and international diabetic test strips to Physician Choice Pharmacy that bore these stickers which did not correspond to the actual boxes of diabetic test strips shipped. Defendants FRANK and Grama shipped packages of non-retail and international diabetic test strips, labeled as retail, to customers. Co-defendants created false invoices and documentation associated with the sale of non-retail and/or international diabetic test strips, or counterfeited their packaging to mask their origin, since non-retail diabetic test strips contained a different NDC number and international diabetic test strips did not contain NDC numbers at all.

Physician Choice Pharmacy, a pharmacy FRANK owned with co-defendant Grama, dispensed diabetic test strips. For each of the years 2013 through 2016, Physician Choice Pharmacy entered into provider agreements with various pharmacy benefit managers (i.e., clearinghouses) ("PBMs"). Under the terms of the provider agreements between the healthcare benefit plans and Physician Choice Pharmacy, the owners were required to submit claim information, including the National Drug Code (NDC), that was accurate and complete. The pharmacy owners further agreed that claims submitted utilizing an NDC other than the NDC of the dispensed item were not eligible for reimbursement. As a pharmacy owner, defendant

3

FRANK was required to submit accurate and complete claim information.

Nevertheless, FRANK and his co-defendants sold and/or dispensed non-retail and international diabetic test strips as if they were domestic retail diabetic test strips and submitted claims for reimbursement through private and government health benefit plans and through PBMs..

These events occurred in Broward County in the Southern District of Florida and elsewhere.

Respectfully submitted,

MARKENZY LAPOINTE
ACTING UNITED STATES ATTORNEY

Date: 5/10/24

By: _____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

Date: 5/10/24

By: _____
MICHAEL GOTTLIEB, Esquire
ATTORNEY FOR DEFENDANT

Date: 5/10/24

By: _____
HOWARD FRANK
DEFENDANT

4